Jewell Elwood HUDSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 20612.

United States Court of Appeals
Fifth Circuit.

March 31, 1964.

* Senior Circuit Judge of the First Circuit, sitting by designation.

Carl E. Maye, Roberts H. Brown, Brown & McMillan, McKee & Maye, J. Arch McKee, Carl E. Maye, Opelika, Ala., Knox M. McMillan, Auburn, Ala., for appellant.

Ben Hardeman, U. S. Atty., J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before MAGRUDER,* JONES and GEWIN, Circuit Judges.

PER CURIAM.

Appellant was tried and convicted by a jury in the Middle District of Alabama for violating 26 U.S.C.A. § 5691. This statute imposes a penalty for failure to pay a special tax imposed upon manufacturers of stills. Such a manufacturer is defined as "Any person who manufactures any still or condenser to be used in distilling * * *." 26 U.S.C.A. § 5102. Appellant's only argument on this appeal is that he was entrapped by the government agents who came to him and ordered the still.

Appellant operated a sheet metal shop in Columbus, Georgia. On September 13, 1962, Berry, a federal agent and Kennington, an informer, went to appellant's shop and Kennington asked appellant to make a still for them, that they were going to make some whiskey for themselves. While in the shop, appellant told the agents that he had made stills for another bootlegger who had gotten caught recently, and told them that a federal agent had visited his shop recently and overlooked a still he had sitting in the cor-

ner. Appellant also told them he would make them a bigger still later on for $150.00. Appellant made the still, then took it to his home in Alabama. Berry and Kennington came to pick it up two days later. Appellant's son had to solder a pipe connection onto it before the agents would take it. Appellant charged then $75.00 for the still. Appellant's motion for acquittal on the grounds of entrapment, and that the proof had failed to show he was in the business of manufacturing stills was denied. The question of entrapment was submitted to the jury with a proper instruction, and the jury found him guilty as charged.

On appeal it is contended that the facts show entrapment as a matter of law and the district court committed error in not so holding and directing a judgment of acquittal. There was no such factual situation as called for a determination of entrapment as a matter of law. Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, 86 A.L.R. 249. The question was for the jury. The judgment of the district court is

Affirmed.

* Senior Circuit Judge of the First Circuit, sitting by designation.